UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>CARLOS GARIBAY DEL TORO<br><br>       Defendant. | CASE NO. CR02-374C<br><br>DETENTION ORDER |

Offense charged:

    Count I: CONSPIRACY TO DISTRIBUTE COCAINE, HEROIN, AND METHAMPETAMINE - Title 21, U.S.C., Section 841(a)(1), 841(b)(1)(A), and 846

    Count XI: POSSESSION OF HEROIN WITH INTENT TO DISTRIBUTE - Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A), and Title 18, U.S.C., Section 2

Date of Detention Hearing: August 19, 2005.

    The court, having conducted an uncontested detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the Defendant can meet will reasonably assure the appearance of the Defendant as required and the safety

DETENTION ORDER
PAGE -1-

of any other person and the community. The Defendant was represented by Paula Deutsh. The Government was represented by Kelly Neumeister.

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the Defendant committed the offense in this case. The maximum penalty for this offense is in excess of ten years. Therefore, there is a rebuttable presumption against the Defendant's release based upon both dangerousness and flight risk, under 18 U.S.C. § 3142(e).

(2) The Defendant is viewed as a risk of nonappearance due to the following factors: he has been wanted for the instant offense since December 13, 2002; he was not interviewed and his ties to the district are unknown; he has an outstanding misdemeanor warrant; the Bureau of Immigration and Customs Enforcement has filed a detainer; and he has a history of failing to appear in court.

(3) Furthermore, the Defendant is viewed as a danger to the community due to the nature of the instant offense.

(4) The Defendant did not contest detention.

(5) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

1  (2) The Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 25th day of August, 2005.

*/s/ Monica J. Benton*
Monica J. Benton
United States Magistrate Judge

DETENTION ORDER
PAGE -3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DETENTION ORDER
PAGE -4-